**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMES C.[1], <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | Civil Action No. 24-06665 (GC) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon Plaintiff's counsel Lauren Tovinsky, Esq.'s Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act. (ECF Nos. 14,18.) Defendant filed a response indicating that it neither supports nor opposes the Motion. (ECF No. 19.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, the Motion is **GRANTED**.

**I.    BACKGROUND**

    On October 1, 2024, the Court entered a Consent Order reversing and remanding the Social Security Administration's (SSA) final decision denying Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423. (ECF No. 8.) On November 12, 2024, the Court entered a Consent Order submitted by the parties awarding counsel

---

[1]    The Court identifies Plaintiff only by first name and last initial. *See* D.N.J. Standing Order 2021-10.

$6,000.00 in attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A). (ECF No. 13.) The EAJA award was made "in full satisfaction of Plaintiff's petition for the payment of fees, costs, and other expenses, made pursuant to 28 U.S.C. § 2412." (*Id.*)

On remand, the Administrative Law Judge issued a favorable decision finding that, as of December 2021, Plaintiff had become disabled under the SSA's rules. (ECF No. 14-1 at 1.[2]) Counsel for Plaintiff states that Plaintiff has "been awarded retroactive benefits by the [SSA] in the amount of $133,042.00 for the period December 2021 through June 2025 with ongoing benefits and Medical coverage so long as he remains disabled." (*Id.*). Plaintiff also states that the SSA "withheld the sum of $33,260.50"—twenty-five percent of past due benefits—"as a fund for the payment of authorized attorney fees." (*Id.*)

On October 7, 2025, counsel moved for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $33,260.50.[3] (ECF Nos. 14, 18.) Counsel argues that the "the amount sought . . . is a reasonable fee for the services [s]he provided to Plaintiff" and that her "work before the Court persuaded the Commissioner the ALJ's decision . . . was not supported by substantial evidence, resulting in an Order by the Court for remand." (ECF No. 14-1 at 2.) Attached to counsel's Motion is an itemization of services rendered to Plaintiff, which reflects 25.4 hours expended by counsel on this action. (*Id.* at 8.) Counsel also states she and Plaintiff entered into a contingency fee agreement in which they agreed to a fee equaling twenty-five percent of any past-due benefits. (*Id.* at 3.)

---

[2]   Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

[3]   Given that a $6,000.00 EAJA fee was already awarded by this Court, counsel states that Plaintiff expects to receive a refund of the EAJA fee totaling $6,000.00. (ECF No. 14-1 at 1 n.1.)

**II.     DISCUSSION**

The attorney's fees provision of the Social Security Act provides as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

Contingent fee arrangements are "the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. The Social Security Act "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* There is one firm "boundary line: [a]greements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits . . . . Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* To determine whether a fee award is reasonable, courts within the Third Circuit "have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding." *Leak v. Comm'r of Soc. Sec.*, Civ. No. 11-51, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (collecting cases). While a litigant may be awarded fees under both the EAJA and the Social Security Act, "the claimant's attorney must refund to the claimant the amount of the smaller fee, up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*, 535 U.S. at 796.

Here, counsel seeks $33,260.50, the maximum twenty-five percent contingent fee, for 25.4 hours spent litigating Plaintiff's case. After discounting the amount counsel would have to refund

3

to Plaintiff, counsel would be receiving $27,260.50. (*See* ECF No. 18 at 1.) Having considered the relevant factors, the Court finds that the requested fee award is reasonable. Counsel obtained a favorable result for her client, as the Court reversed and remanded the SSA's earlier decision, and Plaintiff eventually received $133,042.00 in past-due benefits. And based on the Court's review of counsel's itemized invoices (ECF No. 14-1 at 8) and other awards upheld by courts, the Court finds that counsel's imputed hourly rate ($1,073.25) and the total contingency fee after accounting for the EAJA reduction ($27,260.50) are also reasonable. *See Gonzalez v. Comm'r of Soc. Sec.*, Civ. No. 10-3735, 2017 WL 6513349, at *2 n.3, *3 (D.N.J. Dec. 19, 2017) (finding a contingent fee award of $37,926.00, after EAJA reduction, and an imputed hourly rate of $992.82 reasonable); *Wells v. Comm'r of Soc. Sec.*, Civ. No. 20-10259, 2024 WL 447768, at *2-3 (D.N.J. Feb. 6, 2024) (finding a contingent fee award of $30,000.00 and an imputed hourly rate of $1,056.34 reasonable) (citing *Gonzalez*, 2017 WL 6513349, at *2).

Moreover, counsel took the representation on a contingency basis, so there was a risk of non-recovery. (ECF No. 18-1 at 2.) *See Rossi v. Comm'r of Soc. Sec.*, Civ. No. 19-08544, 2023 WL 6533488, at *1 (D.N.J. Oct. 6, 2023) (noting that a "higher contingency fee is reasonable given the risk of non-recovery if [the p]laintiff's claims were unsuccessful"). Finally, there is no evidence of delay or other factors that convince the Court it is necessary to reduce counsel's award.

Accordingly, the Court finds that, on balance, the present contingent fee arrangement comports with § 406(b) and is reasonable. The Court will award counsel the twenty-five percent of past-due benefits sought and will order counsel to remit to Plaintiff the prior award made under the EAJA.

### III. CONCLUSION & ORDER

For the foregoing reasons, and other good cause shown,

**IT IS** on this 9th day of December, 2025, **ORDERED** as follows:

4

1. The Clerk's Office is directed to **REOPEN** this case for purposes of ruling on this Motion.

2. The Motion for Attorney's Fees (ECF Nos. 14, 18) is **GRANTED**. Lauren Tovinsky, Esq., is awarded attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $33,260.50.

3. Counsel shall remit to Plaintiff the $6,000 in attorney's fees previously awarded (*see* ECF No. 13) under the Equal Access to Justice Act, 28 U.S.C. § 2412.

4. Counsel is directed to provide a copy of this Memorandum Order to Plaintiff within five (5) business days.

5. The Clerk's Office is directed to **TERMINATE** the Motion pending at ECF No. 18.

6. The Clerk's Office is directed to **RECLOSE** this case.

Dated: December 9, 2025

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE